IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN P. LEARY,<br><br>          Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | ORDER AND MEMORANDUM DECISION<br><br><br>Case No. 2:06 CV 663 TC |

Petitioner John P. Leary pleaded guilty to two counts of mail fraud and one count each of credit union fraud and failure to file a tax return. The court sentenced Mr. Leary to fifty months in prison followed by sixty months of supervised release. Mr. Leary was also ordered to pay $884,792.21 in restitution. After voluntarily dismissing his appeal, Mr. Leary filed this petition under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence.

Mr. Leary, proceeding pro se, contends that he was ineffectively represented by his attorney and that the court imposed an improper sentence as a result of that ineffective representation. Immediately after filing this petition, Mr. Leary filed a motion requesting that the court appoint counsel to assist him in pursuing the relief he seeks. The court has broad discretion to appoint counsel for an indigent litigant. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991); Powell v. Hoover, 956 F. Supp. 564, 565 (M.D. Pa. 1997). "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to

present his claims, and the complexity of the legal issues raised by the claims." Williams, 926 F.2d at 996.

After careful consideration of these factors and the materials submitted by Mr. Leary, the court concludes that appointment of counsel is not warranted. The issues in this case are not unduly complex and Mr. Leary is not incapacitated or unable to adequately function in pursuing this matter. Further, after carefully considering the points raised in Mr. Leary's petition, the court concludes that Mr. Leary has not raised any meritorious argument in support of his request for relief.

The court recognizes that *pro se* litigants' pleadings should be construed more liberally than if outside counsel had drafted them. Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. State of N.M., 113 F.3d 1170, 1173–74 (10th Cir. 1997). But even under this more lenient standard, Mr. Leary's petition must be denied.[1]

**Background**

On October 8, 2003, Mr. Leary was charged in fifty-four count superceding indictment charging mail, wire, and credit union fraud, as well as misuse of a social security number and failure to file a tax return. (See United States v. Leary, 2:03 CR 458 (D. Utah), Superseding Indictment (dkt. #25).) In his Statement by Defendant in Advance of Plea of Guilty, Mr. Leary admitted that he used an Internet-based auction service to sell computers and that, although he

---

[1] The face of Mr. Leary's petition does not clearly indicate whether he has already pursued relief under 28 U.S.C. § 2255. Mr. Leary's petition states that he submitted a "habeas corpus application" to the United States District Court for the District of Colorado. (Mot. to Vacate, Set Aside or Correct Sentence (dkt. #1) 2-3.) In that action, Mr. Leary is challenging the manner in which the Bureau of Prisons handled a recommendation from the sentencing court that Mr. Leary participate in a particular prison program. 28 U.S.C. § 2255 requires that a petitioner obtain certification of a successive § 2255 petition from the appropriate court of appeals to enable the district court to hear the petition. See id.; 28 U.S.C. § 2244. But judging from the description of the Colorado action submitted by Mr. Leary, it appears that he filed that action to challenge actions of the Bureau of Prisons and not to vacate, modify, or set aside his sentence. Accordingly, the court does not consider Mr. Leary's petition in this court successive.

received payments from winning bidders, he failed to provide the purchased computers. (See id., Statement by Defendant in Advance of Plea of Guilty, ¶ 12 (dkt. #84).) Mr. Leary conducted the auctions under the names Rapid Computer Services and Liquidation Universe. (Id.)

Mr. Leary also admitted that he withdrew funds from his credit union even though he knew that stop-payment orders had been placed on the funds he withdrew. (Id.) Additionally, Mr. Leary acknowledged that he failed to file a federal income tax return even though his activities generated taxable personal income. (Id.)

Mr. Leary was sentenced on October 12, 2004. (See id. (dkt #107).) The court entered an Amended Judgment on October 26, 2004. (Id., Amended Judgment in a Criminal Case (dkt. # 111).) Mr. Leary filed a notice of appeal the same day. (Id., Notice of Appeal (dkt. #112).) Mr. Leary then filed a series of motions requesting appointment of counsel and an order mandating that he be released pending the resolution of his appeal. (See id., Motion to Appoint Counsel (dkt. #123); id., Motion to Release Pending Appeal (dkt. #124); id., Motion to Replace Counsel (dkt. #126); id., Motion to Review Detention Pending Appeal and Request for Hearing (dkt. #127); id., Motion to Appoint Counsel (dkt. #145); id., Motion to Appoint Counsel (dkt. #161).) The court repeatedly denied Mr. Leary's requests. Mr. Leary eventually filed another Notice of Appeal challenging the court's denial of Mr. Leary's motion to reconsider the court's previous denial of Mr. Leary's request to be released pending the resolution of his appeal. (See id., Notice of Appeal (dkt. #140).) On August 22, 2005, the Tenth Circuit Court of Appeals granted Mr. Leary's motion for a voluntary withdrawal of his appeals.

Additionally, Mr. Leary filed an objection to the government's request for the entry of a final order of forfeiture concerning property, including numerous computers, recovered by the government. (See id., Objection to Motion for Final Order of Forfeiture (dkt. #158).) In

response, the court issued an order concluding that Mr. Leary lacked standing to challenge the propriety of the final forfeiture order because the preliminary order of forfeiture deprived Mr. Leary of any interest he may have had in the property. (See id., Memorandum Decision and Order (dkt. #165).)

On August 10, 2006, more than two years after entering his guilty plea, Mr. Leary filed the present petition under 28 U.S.C. § 2255. In his petition, Mr. Leary claims ineffective assistance of counsel. Although Mr. Leary was represented by several different attorneys throughout the course of his criminal case, some of whom he personally retained and some of whom the court appointed, Mr. Leary's current challenge is confined to the conduct of the attorney that represented Mr. Leary during the sentencing process. Specifically, Mr. Leary alleges that his attorney (1) failed to object to a particular supervised release condition; (2) failed to dispute the accuracy of sentencing allegations pertaining to the number of Mr. Leary's victims and the amount of monetary loss those victims suffered; (3) failed to argue that Mr. Leary was entitled to a credit against the claimed loss because Mr. Leary disgorged certain merchandise; and (4) failed to investigate an individual who allegedly held merchandise paid for by Mr. Leary. The court has carefully reviewed Mr. Leary's petition, the responsive memorandum filed by the United States, and the record and concludes that Mr. Leary has failed to meet his burden of establishing that his counsel was ineffective.

## Analysis

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The standard applies to sentencing proceedings and

plea hearings as well as at trial. U.S. v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996). "Judicial scrutiny of counsel's performance is highly deferential." Id. To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption. James, 211 F.3d at 555.

A.      *Special Condition of Probation*

Mr. Leary first argues that his counsel should have objected to the imposition of a special supervised release condition that essentially requires Mr. Leary to obtain approval from his probation officer before incurring new credit charges or opening new lines of credit. Mr. Leary argues that this condition is overly burdensome.

The special condition that Mr. Leary challenges is routinely imposed in situations where a defendant is required to make restitution payments according to an installment schedule. See U.S. Sentencing Guidelines Manual § 5D1.3(d)(2) (2004). Mr. Leary argues that the condition does not relate to his criminal conduct, but that argument ignores the fact that the condition is imposed as a policy matter to ensure timely payment of required restitution. Mr. Leary has identified no argument that his counsel could have raised against the imposition of the condition other than stressing that the condition places a burden on Mr. Leary. The simple fact that a probation condition is burdensome is not grounds for striking that condition. Mr. Leary's counsel cannot be deemed ineffective for failing to assert an argument that lacks any merit. See United States v. Quary, 60 Fed. Appx. 188, 190 (10th Cir. 2003) ("[C]ounsel is not obligated to make factually or legally baseless arguments, no matter how strongly a client may regard the matter.").

B.     *Verification of Facts in Presentence Report*

Mr. Leary next argues that his trial counsel rendered ineffective service by failing to verify the government's representations concerning the number of victims and the total amount of loss suffered by those victims. Mr. Leary asserts that his trial counsel only verified 15% of the payments made by victims and did not investigate whether any of the victims received value for their money. According, to Mr. Leary, if his trial attorney had fully investigated the government's numbers, Mr. Leary's sentencing guideline range would have been lower. Mr. Leary provides no factual support for his contentions and offers no argument explaining his position that a full review of the government's numbers would have resulted in a lowering of his guideline range.

A review of the docket in Mr. Leary's case reveals that his attorney submitted an objection to the government's restitution calculations, specifically challenging the propriety of including twenty-five victims in those calculations because the identified individuals either received merchandise in exchange for the money they paid Mr. Leary or did not receive merchandise due to circumstances beyond Mr. Leary's control. (See Leary, 2:03 CR 458, Objection to Government's Loss and Restitution Figures (dkt. #101).) In that filing, Mr. Leary expressly stated that he "ha[d] no objections to his damage calculations as he has stated previously and continues to take full responsibility for his actions." (Id. at 1.)

Additionally, the transcript of a sealed hearing held before United States Magistrate Judge David Nuffer on October 8, 2004, four days before Mr. Leary's sentencing hearing, reveals that Mr. Leary's concerns about the sufficiency of the review of the government's loss calculations are not new, despite the representations he makes in his petition. (See id., Transcript of Proceedings, Oct. 8, 2004, 8-9 (dkt. #134).) Mr. Leary voiced his concerns to Judge Nuffer,

who concluded that Mr. Leary's complaint concerning the verification procedure was "speculative and to the extent not speculative, . . . not founded in the facts." (Id. at 18.) In this petition, Mr. Leary has provided no information that materially changes the nature of the complaint he first presented to Judge Nuffer over two years ago.

Further, even if Mr. Leary is correct that his attorney failed to verify all victim and loss information submitted by the government, he has not provided any evidence that such a verification process would have resulted in a lower guideline range. As a result, he has failed to establish that he suffered prejudice as a result of a faulty verification procedure. Accordingly, Mr. Leary's claim that his attorney rendered ineffective assistance by failing to verify the government's loss calculations lacks merit.

C.   *Credit Against Loss*

Mr. Leary contends that his attorney failed to seek a credit against the government's loss calculations for certain imported, and apparently non-electronic, merchandise that Mr. Leary claims he transferred to the new owners of Liquidation Universe. Mr. Leary asserts that if he had been properly credited for the value of the transferred merchandise, his guideline range would have been lower.

As an initial matter, Mr. Leary provides no support for his contention that he did, in fact, transfer the shipping containers to the new owners of Liquidation Universe. If Mr. Leary did transfer the merchandise, it is curious that Mr. Leary waited over two years to claim that he is entitled to a credit for the value of that merchandise. But regardless of whether such a transfer took place, Mr. Leary cannot establish that his attorney provided ineffective assistance by failing to seek a credit for the value of that merchandise.

Mr. Leary and the United States expressly agreed to a damages formula that would

govern the determination of the total loss occasioned by Mr. Leary's acts. The loss formula was not unilaterally imposed by the United States, but was agreed to by all parties after a significant period of negotiation. (See United States' Response in Opp'n to Pet.'s Mot. to Vacate Under 28 U.S.C. § 2255, Exs. 5-8 (showing correspondence between the United States and Mr. Leary's attorney regarding the proper manner in which to determine the loss amount).) In his Statement by Defendant in Advance of Plea of Guilty, Mr. Leary acknowledged the parties' agreement concerning the method by which the total amount of loss would be determined. (See id. Statement by Defendant in Advance of Plea of Guilty, ¶13(b) (dkt. #84) ("The loss for purposes of Section 2B1.1 of the United States Sentencing Guidelines shall be calculated pursuant to the formula set forth in Attachment A.").) That loss calculation provides a credit against loss for recovered electronic inventory only. (See id., Attachment A.)

Mr. Leary cannot establish that his counsel was ineffective for failing to seek credit against loss in a manner that would be inconsistent with the parties' agreement concerning the manner in which the loss amount should be calculated. Further, Mr. Leary has not provided any support for his assertion that he did, in fact, transfer the shipping containers to the new owners of Liquidation Universe and, even assuming that he did transfer the containers, Mr. Leary has provided no evidence indicating the value of the goods transferred. Accordingly, Mr. Leary has failed to establish that, had he received credit for the merchandise, his guideline range would have been lower. Given these deficiencies, Mr. Leary's claim that his attorney was ineffective for failing to seek a credit for the value of the imported merchandise allegedly transferred to the new owners of Liquidation Universe must fail.

D.   *Failure to Investigate a Liquidation Universe Vendor*

The final argument Mr. Leary raises in his petition is that his attorney failed to investigate

a Liquidation Universe vendor who Mr. Leary claims held laptop computers paid for by Mr. Leary.  According to Mr. Leary, he was entitled to receive a credit for those computers against the loss amount used for the purposes of his sentencing.

Mr. Leary cannot establish that his attorney was ineffective for failing to seek a credit for the laptop computers.  The loss formula that the parties agreed would govern Mr. Leary's loss calculation provided that Mr. Leary would receive a credit for "[t]he value . . . of all electronics inventory ordered, purchased, and paid for by the defendant, on or before May 12, 2003 . . . ."  (See id.)  The invoice for the laptop computers identified in Mr. Leary's petition shows that the laptop computers were ordered on May 16, 2003.  (See id., Invoice, attached to Memo. in Supp. of Mot. to Release Computers to Satty Singh (dkt. #137).)

Accordingly, even if Mr. Leary is correct that he paid for the laptop computers, he expressly agreed that the value of those computers would not be included as a credit in his final loss calculation.  Further, the credit that Mr. Leary would have received for the laptop computers would have been approximately $30,000.  (See id.)  Mr. Leary has not provided any argument that would suggest that a $30,000 credit would have altered his guideline range.  Indeed, a review of the record indicates that the credit would not have altered the guideline range.  (See Presentence Report 6, attached as Ex. 2 to United States' Response in Opp'n to Pet.'s Mot. to Vacate Under 28 U.S.C. § 2255 (noting that because the loss exceeded $400,000 but was less than $1,000,000, a fourteen level increase was appropriate); Leary, 2:03 CR 458, Amended Judgment in a Criminal Case 3 (dkt. #111) (noting that total loss amount was $519,859.52).)

Mr. Leary has not met his burden in establishing that his attorney provided ineffective assistance by failing to gain a credit against loss for Mr. Leary in relation to the laptop computers ordered on May 16, 2003.  The laptop computers were ordered beyond the cut-off date for

transactions for which Mr. Leary was entitled to seek credit.  Additionally, Mr. Leary has failed to establish that his guideline range would have been lower had he received the credit he now claims he was entitled to receive.

## **Conclusion**

For all the foregoing reasons, Mr. Leary's Motion to Appoint Counsel, or in the Alternative, Grant Leave for Discovery (dkt. # 3) is DENIED and Mr. Leary's request for an order vacating, setting aside, or correcting his sentence is DENIED and his petition DISMISSED.

DATED this 21st day of November, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge